

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

April 4, 2025

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     *Metro. Transp. Auth. v. Duffy*, No. 25 Civ. 1413 (LJL) ("*Duffy*"); *Blumencranz v. Metro. Transp. Auth.*, No. 25 Civ. 1787 (LJL) ("*Blumencranz*")

Dear Judge Liman:

      We write collectively, together with counsel for the parties in the above-referenced actions and Putative Intervenor Plaintiff New York City Department of Transportation ("NYCDOT"), pursuant to the Court's March 28, 2025 order directing the parties to submit "proposals as to how the Court should manage these cases." *Duffy*, ECF 42. Counsel met and conferred by telephonic conference on April 2, 2025 to discuss proposed scheduling and coordination for these matters, including (i) as to *Duffy*, the production of the administrative record by the Federal Defendants and motion practice, including discovery motions, motions for summary judgment, and potential motions for preliminary relief; and (ii) as to *Blumencranz*, motions to dismiss.[1] The parties' respective positions, along with any areas of agreement, are set forth below.

      **A.**    **Proposed Case Management Schedule in *Duffy***

      The parties in *Duffy* agree that the case should be resolved on cross-motions for summary judgment following production of the administrative record. Additionally, Plaintiffs may want to seek discovery, including extra-record discovery or to supplement or complete the administrative

---

[1] Counsel for NYCDOT, whose motion to intervene is pending, also participated in the conference. The parties to *Duffy* do not oppose NYCDOT's motion to intervene, *Duffy*, ECF 45, and are not aware of any other entities or individuals that intend to seek to intervene at this time.

record.[2]  While the Government does not believe such motions will be necessary or warranted, the Government is amenable to the proposed timeline set forth below for any such motions.[3]  At this time, as discussed below, because it is unclear whether motions for preliminary injunctive relief will be necessary, it is impossible for the parties to propose a schedule for any such motions.

Accordingly, the parties propose a case management schedule in the manner set forth below that will allow the Court to resolve any disputes regarding the sufficiency of the administrative record and the need for additional discovery in advance of the briefing on dispositive motions.

| Amendments to Complaints | April 18, 2025 |
|---|---|
| Federal Defendants' Answers | May 27, 2025 |
| Production of Administrative Record | May 27, 2025 |
| Motions to Complete or Supplement the Record, or for Extra Record Discovery, if Any | June 24, 2025 |
| Opposition to Motions to Complete or Supplement the Record, or for Extra Record Discovery, if Any | July 15, 2025 |
| Reply in Further Support of Motions to Complete or Supplement the Record, or for Extra Record Discovery, if Any | July 29, 2025 |

---

[2] Plaintiffs MTA, TBTA, NYSDOT, NYCDOT, and Riders Alliance and Sierra Club believe there are reasons to suspect that motion practice is likely.  Counsel for the Federal Defendants were unable to confirm during the meet and confer whether the administrative record will include *any* documents, beyond Defendant Duffy's February 19 letter, for the period after Defendant Duffy took office on January 28, 2025.  In addition, Plaintiffs have alleged that Defendant Duffy's stated rationales for "terminating" the Congestion Pricing Program are pretextual, and they may be entitled to discovery on that claim.  *Saget v. Trump*, 375 F. Supp. 3d 280, 340 (E.D.N.Y. 2019).  Plaintiffs may also seek discovery on Defendant FHWA's longstanding interpretation of the legislation establishing the Value Pricing Pilot Program, under which the Congestion Pricing Program was authorized.  Other discovery needs may emerge, including with respect to Plaintiffs' claims that do not arise under the Administrative Procedure Act, and for which discovery is entirely appropriate, following the filing of the administrative record and the Federal Defendants' answer.

[3] Under the APA, review of the agency's determination is limited to the certified administrative record, and "discovery is generally not permitted." *Hadwan v. United States Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *3 (S.D.N.Y. Sept. 3, 2021). It is the agency that is responsible for compiling the administrative record, and FHWA and U.S. DOT will be entitled to a "strong presumption of regularity" in having properly done so. *Id*. The Federal Defendants have not yet compiled the entire administrative record at this initial stage in the litigation, and thus, are unable to confirm its contents, but that is not an indication that the FHWA and U.S. DOT will not properly designate the record. Moreover, Plaintiffs' allegations of pretext are clearly insufficient to make the "strong showing of bad faith or improper behavior" necessary to warrant extra-record discovery. *Dep't of Commerce v. New York*, 588 U.S. 752, 781-82 (2019); *see also Manker v. Spencer*, No. 18 Civ. 372 (CSH), 2019 WL 1506654, at *5 (D. Conn. Apr. 5, 2019) (the APA does not allow "alleged bias to serve as a basis for going outside of the record."). Finally, Plaintiffs' due process and *ultra vires* claims are "coextensive" with their APA claims alleging "focused legal errors made by the [U.S. DOT], for which extra record discovery is improper*." Reyes v. McHenry*, No. 19 Civ. 8674 (KPF), 2020 WL 5583521, at *1 (S.D.N.Y. Aug. 3, 2020). Accordingly, there is little reason to believe that motions for extra-record discovery, or discovery on Plaintiffs' non-APA claims, will be either necessary or warranted.

| | |
|---|---|
| Federal Defendants' Motion for Summary Judgment | 30 days after resolution of any motions for discovery and completion of any resulting discovery and/or supplementation of record |
| Plaintiffs' Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment | 30 days thereafter |
| Federal Defendants' Reply in Support of their Motion for Summary Judgment and Opposition to Plaintiffs' Cross-Motion for Summary Judgment | 14 days thereafter |
| Plaintiffs' Reply in Support of their Motion for Summary Judgment | 14 days thereafter |

With respect to briefing, the Federal Defendants have suggested that all Plaintiffs file one set of consolidated briefs. While Plaintiffs will certainly do what they can to make the briefing efficient, given the differences between Plaintiffs and their interests, Plaintiffs cannot agree now to file only one set of briefs on the dates set forth above.

### B. The Potential Need for Expedited Injunctive Relief

#### 1. Plaintiffs MTA, TBTA, NYSDOT, and NYCDOT's Position

Since the MTA and TBTA filed this lawsuit on February 19, 2025, the Federal Defendants have unilaterally announced shifting deadlines by which, they claim, tolling "must cease." On February 20, 2025, the day after the MTA and TBTA filed this lawsuit, Defendant Shepherd sent a letter directing that the MTA and TBTA "must cease the collection of tolls" by March 21, 2025. Attachment 1. The day before that arbitrary deadline, on March 20, 2025, Defendant Duffy posted a statement to social media chastising the State of New York for continuing to operate the Congestion Pricing Program, notwithstanding the pendency of this litigation, and warned that: "Your refusal to end cordon pricing and your open disrespect towards the federal government is unacceptable." Attachment 2. Defendant Duffy also appeared to suggest that the Federal Defendants may consider improperly withholding federal funds from the State of New York, as the Trump Administration has done in many other recent cases, in order to coerce compliance with its demands. *Id.*[4] That same day, Defendant Shepherd sent a letter "extend[ing] the period of time to comply," and instructing that "toll operations must cease by April 20, 2025." Attachment 3.

---

[4] *See, e.g.*, *Dep't of State v. AIDS Vaccine Advoc. Coal.*, 145 S. Ct. 753 (2025) (declining to vacate temporary restraining order against Administration's attempt to pause disbursements of foreign development assistance funds); *Washington v. Trump*, No. 25 Civ. 127 (W.D. Wash. Feb. 6, 2025) (ECF 114) (granting nationwide preliminary injunction against Administration's attempt to redefine Fourteenth Amendment's citizenship guarantee), *motion for stay pending appeal denied*, No. 25-807 (9th Cir. Feb. 19, 2025); *Casa Inc. v. Trump*, No. 25 Civ. 201 (D. Md. Feb. 5, 2025) (ECF 65) (granting preliminary injunction against Administration's attempt to redefine the Fourteenth

3

As the MTA and TBTA have made clear from the start, given the rights granted to TBTA in the VPPP Agreement, the facial deficiencies in Defendant Duffy's February 19 letter purporting to "terminate" the Agreement, and the irreparable harm to the MTA, TBTA, and the people of New York if tolling ceased, the MTA and TBTA will "continue to operate the Program as required by New York law until and unless Plaintiffs are directed to stop by a court order." *Duffy*, ECF 1, ¶ 120.  In light of this background, during the meet and confer, counsel for the MTA and TBTA raised the possibility that the federal government might do something to try to alter the status quo, noting the need to avoid burdening the Court with unscheduled and unnecessarily expedited motion practice if possible.  The MTA and TBTA specifically asked whether the Federal Defendants contemplate taking any unilateral action on or after April 20 that might require Plaintiffs to seek expedited injunctive relief.  The Federal Defendants did not have information to provide, but did state that, at present, they do not intend to seek preliminary injunctive relief themselves.

Plaintiffs the MTA, TBTA, NYSDOT, and NYCDOT believe that this highly consequential intergovernmental dispute concerning the Congestion Pricing Program is best resolved through orderly summary judgment briefing and without the exigency that accompanies motions under Rule 65, particularly where that exigency is the result of an ever-shifting deadline unilaterally imposed by other parties to this litigation.  That being said, Plaintiffs the MTA, TBTA, and NYSDOT will act swiftly to assert their rights should the Federal Government improperly withhold funds or otherwise illegally retaliate against them for commencing this litigation.[5]

### 2. *Plaintiffs Riders Alliance and Sierra Club's Position*

Although Defendant Duffy has made repeated public demands for an alteration of the status quo, Plaintiffs Riders Alliance and Sierra Club are not aware of any concrete steps that Defendants intend to take to attempt and force the tolling program to end before the Court can adjudicate the merits of the present challenge.  Plaintiffs Riders Alliance and Sierra Club therefore have no present intention of seeking preliminary relief.  Should Defendants announce or take action aimed at coercing a cessation of the tolling program before the legality of Secretary Duffy's decision may be fully adjudicated, Plaintiffs Riders Alliance and Sierra Club will likely seek expedited injunctive relief.

---

Amendment's citizenship guarantee), *motion for stay pending appeal denied*, No. 25-1153 (4th Cir. Feb. 28, 2025); *New York v. Trump*, No. 25 Civ. 39 (D.R.I. Mar. 6, 2025) (ECF 161) (granting preliminary injunction against Administration's attempts to impose broad "freeze" of federal funding), *motion for stay pending appeal denied*, No. 25-1236 (1st Cir. Mar. 27, 2025); *Nat'l Council of Nonprofits v. Off. Mgmt. Budget*, No. 25 Civ. 239 (D.D.C. Feb. 25, 2025) (ECF 51) (same); *Massachusetts v. Nat'l Insts. Health*, No. 25 Civ. 10338 (D. Mass. Mar. 5, 2025) (ECF 105) (granting preliminary injunction against Administration's attempt to broadly cut research funding from the National Institutes of Health).

[5] Should Defendants improperly withhold funds or otherwise retaliate, Plaintiffs may require discovery on those actions and the deliberative process leading to them, in addition to the discovery issues identified above.  *See supra* at 2 n.2.

      3.      *Federal Defendants' Position*

Plaintiffs' articulation of a potential need for expedited injunctive relief is premature. This issue is not currently before the Court and therefore the Government does not take any position in response at this time.

      **C.**      **Motions to Dismiss in *Blumencranz***

Defendants Governor Hochul, the MTA, and TBTA intend to move to dismiss the complaint in *Blumencranz*. Subject to the Court's approval, the parties have agreed that the motion to dismiss briefing schedule should be aligned with the summary judgment briefing schedule in *Duffy* such that motions to dismiss in *Blumencranz* will be due on the same day as the opening motion for summary judgment in *Duffy*, Mr. Blumencranz's opposition will be due thirty days thereafter, and Defendants' replies will be due fourteen days after that.

Respectfully submitted,

Roberta A. Kaplan

cc:    Counsel of Record (via ECF)

5

# ATTACHMENT 1



1200 New Jersey Ave., SE
Washington, DC  20590

February 20, 2025

Marie Therese Dominguez, Commissioner
New York State Department of Transportation
50 Wolf Road
Albany, NY  12232

Ydanis Rodriguez, Commissioner
New York City Department of Transportation
55 Water Street, 9th Floor
New York, NY  10041

Catherine T. Sheridan, President
MTA Bridges and Tunnels
2 Broadway, 23rd Floor
New York, NY  10004

Dear Commissioner Dominguez, Commissioner Rodriguez, and President Sheridan:

I am writing pursuant to Secretary Duffy's February 19, 2025, letter terminating the November 21, 2024 Value Pricing Pilot Program (VPPP) Agreement under which the Federal Highway Administration (FHWA) has approved the implementation of tolls as part of the New York's Central Business District Tolling Program (CBDTP).  The Secretary's letter stated that the FHWA will contact the New York State Department of Transportation (NYSDOT) and its project sponsors, Triborough Bridge and Tunnel Authority (TBTA) and New York City Department of Transportation (NYCDOT), to discuss the orderly cessation of toll operations under the CBDTP.

In order to provide NYSDOT and its project sponsors time to terminate operations of this pilot project in an orderly manner, this rescission of approval and termination of the November 21, 2024 Agreement will be effective on March 21, 2025.  Accordingly, NYSDOT and its project sponsors must cease the collection of tolls on Federal-aid highways in the CBDTP area by March 21, 2025.  Please work with Rick Marquis, the FHWA's New York Division Administrator, to provide the necessary details and updates regarding the cessation of toll operations.

Sincerely,

*Gloria M. Shepherd*

Gloria M. Shepherd
Executive Director

# ATTACHMENT 2



Document title: Secretary Sean Duffy on X: &quot;.@GovKathyHochul — the federal government and @POTUS are putting New York on notice. Your refusal
Capture URL: https://x.com/SecDuffy/status/1902783361900331100
Capture timestamp (UTC): Thu, 20 Mar 2025 19:02:09 GMT

# ATTACHMENT 3



1200 New Jersey Ave., SE
Washington, DC  20590

March 20, 2025

Marie Therese Dominguez, Commissioner
New York State Department of Transportation
50 Wolf Road
Albany, NY  12232

Ydanis Rodriguez, Commissioner
New York City Department of Transportation
55 Water Street, 9th Floor
New York, NY  10041

Catherine T. Sheridan, President
MTA Bridges and Tunnels
2 Broadway, 23rd Floor
New York, NY  10004

Dear Commissioner Dominguez, Commissioner Rodriguez, and President Sheridan:

I am writing pursuant to my February 20, 2025 letter, providing you until March 21, 2025, to cease tolling operations that were initiated through the November 21, 2024, Value Pricing Pilot Program (VPPP) Agreement.  The Secretary has directed that I extend the period of time to comply by 30 days.   Accordingly, toll operations must cease by April 20, 2025.

Please work with Rick Marquis, FHWA's New York Division Administrator, to provide the necessary details and updates regarding the cessation of toll operations.

Sincerely,

Gloria M. Shepherd
Executive Director